UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TOKERS, INC. and LORI NANNEY, Plaintiffs, | ) | |
| v. | ) | No.: 3:23-CV-326-TAV-JEM |
| COMMERCE GROUP, INC., WEST 2 EAST LAND, L.P., WEST 2 EAST LAND GP, LLC, MARTIN E. O'BOYLE, WILLIAM RING, and CITY OF ALCOA Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiffs' Motion to Vacate Order and Memorandum and Motion to Recuse this Court [Doc. 70]. For the reasons explained below, plaintiffs' motion [Doc. 70] is **DENIED**.

Section 455(a) requires disqualification when a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 144, which plaintiffs cite, is subsumed by § 455. *LeVay v. Morken*, 590 F. Supp. 3d 1037, 1043 (E.D. Mich. 2022) (citing *Liteky v. United States*, 510 U.S. 540, 549 (1994) (noting that § 144 "seems to be properly invocable only when § 455(a) can be invoked anyway")).

Plaintiffs bear the burden of establishing that bias exists. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). The question under § 455(a) is objective: whether the judge's impartiality might be questioned from the perspective of a reasonable

person. *See Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016); *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* (internal quotation marks omitted). As a result, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

The Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted); *see also United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) ("Although a judge is obliged to disqualify himself where there is a close question concerning his impartiality, he has an equally strong duty to sit where disqualification is not required" (citation omitted)). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576, 579 (6th Cir. 1980). Likewise, granting groundless disqualification motions encourages judge-shopping. *Birchfield v. Deutsche Bank Nat'l Trust Co.*, No. 2:19-cv-5, 2020 WL 735870, at *2 (E.D. Tenn. Feb. 13, 2020).

Plaintiffs argue that the undersigned has "shown extreme favoritism towards the Defendants" [Doc. 70, p. 1]. Specifically, plaintiffs allege that the Court's order requiring plaintiffs to file an amended complaint is "simply shocking" on its face [*Id.* at 3]. Plaintiffs' counsel alleges that he "was simply trying to follow this Court's standing Orders

to the script and by doing so and telling the truth about the status of this case the undersigned was vilified, called dilatory, accused of wasting judicial resources and the like" [*Id.*].

But, ultimately, plaintiffs' dissatisfaction with the Court's ruling [Doc. 69] cannot constitute grounds for recusal. *See Liteky*, 510 U.S. at 555 (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and even "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge" unless they "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible"). Moreover, the Court's order actually *denied* several motions to dismiss this case, granting plaintiffs additional leeway to correct defects in their complaint [*See* Doc. 69]. And it is unclear how plaintiffs' counsel was "trying to follow this Court's standing Orders to the script," [Doc. 70, p. 3], as this Court does not have any standing orders providing detailed instructions regarding how to craft a complaint. Regardless, the Court's order hardly "vilified, called dilatory, [and/or] accused [counsel] of wasting judicial resources" [*Id.*]. Rather, the Court simply stated that counsel's "inartful pleading . . . makes it difficult, if not impossible, to decipher which claims relate to which defendant" [Doc. 69, p. 2 n.1] and that the complaint has consumed an unnecessary amount of resources as the defendants attempted to move to dismiss and the Court attempted to grapple with those motions [*Id.* at 7]. Thus, far from "vilifying" plaintiff's counsel, the Court's order simply made the finding that plaintiff's complaint, drafted by plaintiffs' counsel, was an improper shotgun

pleading. Nothing in that conclusion, or the Court's analysis leading to that conclusion, is a proper ground for recusal.

Plaintiffs also contend that this District is not following its own local rules regarding the random assignment of judges and allege that the undersigned and United States Magistrate Judge Jill E. McCook were not randomly assigned to this case [Doc. 70, pp. 1–2]. Plaintiffs allege that there is "some sorted [sic] motive to steer cases involving civil rights and or particular barristers, such as the undersigned, to terminate the cases in favor of Tennessee government entities insured through PE Partners" [*Id.* at 2]. Plaintiffs seem to allege that there is a scheme to "block the Plaintiffs from developing their case through Rule 26" and then "awarding attorney's fees to the insurance defense bar," which plaintiffs allege essentially denies parties access to the courts through fear [*Id.* at 6].

As an initial matter, plaintiffs can hardly accuse the Court of terminating their case in favor of a government entity insured through "PE Partners" when the Court did not, in fact, terminate this case, but rather, denied motions to dismiss and permitted plaintiffs to replead their case [Doc. 69]. Moreover, unless it is a matter at issue in a case, the Court has no knowledge of what insurance company any given entity is insured by, and, to the Court's knowledge, there is no information in this case indicating that any defendant is insured by "PE Partners." And likewise, the Court has not awarded attorney's fees in this case, and therefore, plaintiffs' argument on this ground is not a valid reason for recusal.

As to the random assignment of cases, the Court notes that Local Rule 3.2 states that "[t]he Clerk shall use automated or manual means to assign new cases to district judges

at random in accordance with administrative orders issued by the Court from time to time." E.D. Tenn. L.R. 3.2(c). However, that rule also states that it is "intended to provide for an orderly division of the business of the Court" and does not "grant any right to any litigant." E.D. Tenn. L.R. 3.2(e). Thus, even assuming that the undersigned and/or Judge McCook were not randomly assigned to this case, such would not be a valid ground for recusal. But, regardless, plaintiffs' assertion that cases filed by Attorney Russ Egli are diverted to the undersigned is baseless. A review of the Court's docket shows that Attorney Egli has six open cases in which he represents plaintiff(s) pending in this District, two of which are assigned to the undersigned, and the other four of which are assigned to four different district judges. *See* Case No. 2:24-cv-133 (filed 7/30/24, assigned to Judge J. Ronnie Greer), Case No. 2:24-cv-145(filed 8/12/24, assigned to Judge Clifton L. Corker), Case No. 3:23-cv-181 (filed 5/23/23, assigned to Judge Curtis L. Collier), Case No. 3:24-cv-125 (filed 3/20/24, assigned to Judge Thomas A. Varlan), Case No. 3:24-cv-329 (filed 8/7/24, assigned to Judge Charles E. Atchley). Further, plaintiffs' allegations that all civil rights lawsuits are being funneled to the undersigned is simply unfeasible given the number of civil rights actions filed in this District. Even limiting a search to civil rights actions filed under 42 U.S.C. § 1983, this District currently has 221 such cases pending, 26 of which are assigned to the undersigned. Thus, even if failure to randomly assign cases could be deemed a ground for recusal, plaintiffs' claims are unsubstantiated.

Next, plaintiffs allege that the undersigned "entered a Scheduling Order, [Doc. 48], without a hearing in which this district court knew would handcuff the Plaintiffs in

violation of the Plaintiffs due process rights" [Doc. 70, p. 6]. It is unclear how the Court's scheduling order "handcuffed" plaintiffs in this action, and plaintiffs do not provide more detail about this allegation. But regardless, the Court is required under the Federal Rules of Civil Procedure to enter a scheduling order. Fed. R. Civ. P. 16(b)(2). Accordingly, the Court's entry of a standard scheduling order in this case is not a ground for recusal.

Finally, plaintiffs appear to complain about the undersigned's orders in other, unrelated actions [Doc. 70, p. 2]. But, once again, dissatisfaction with the undersigned's legal rulings is not a proper ground for recusal. *See Liteky*, 510 U.S. at 555 (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Moreover, "[i]t has long been regarded as normal and proper for a judge to . . . sit in successive trials involving the same defendant." *Id.* at 551. If it is proper for a judge to sit on multiple cases involving the same party, it follows that it is appropriate for a judge to sit on multiple cases involving the same attorney of record. Accordingly, the undersigned's rulings in an unrelated cases, in which Attorney Egli was counsel of record, is not a proper ground for recusal.

Although plaintiffs motion appears to seek vacatur of the Court's order [Doc. 69], plaintiffs do not provide any argument for vacatur, but rather, limit their arguments to the issue of recusal [*See* Doc. 70]. Because the Court finds no proper grounds for recusal, it likewise finds no proper grounds for vacatur.

For all of these reasons, the Court finds that recusal and/or vacatur is not warranted, and plaintiffs' Motion to Vacate Order and Memorandum and Motion to Recuse this Court

[Doc. 70] is **DENIED**. Consistent with the Court's prior order [Doc. 69], plaintiffs are **ORDERED** to file an amended complaint within **10 days** of entry of this order. Failure to do so may result in dismissal of this action for failure to prosecute without further notice.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE