UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TOKERS, INC. and LORI NANNEY, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No. 3:23-CV-326-TAV-JEM |
| COMMERCE GROUP, INC., *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Recuse the Magistrate Judge [Doc. 66].[1] Defendant Commerce Group Inc. ("Defendant Commerce Group") filed a response in opposition [Doc. 67]. Plaintiffs filed a reply [Doc. 68].[2] The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **DENIES** the motion [**Doc. 66**].

---

[1] Plaintiffs filed their motion on August 23, 2024 [Doc. 66]. On October 21, 2024, they filed a petition for writ of mandamus with the United States Court of Appeals for the Sixth Circuit [Doc. 74]. Given that, on November 14, 2024, Plaintiffs requested that the Court stay the action [Doc. 88], and United States District Judge Thomas A. Varlan granted that request [Doc. 93]. On June 18, 2025, Judge Varlan lifted the stay, noting that the Sixth Circuit had denied Plaintiffs' petition [Doc. 96].

[2] Plaintiffs state that Defendant Commerce Group's counsel, Attorney Jonathan O'Boyle, is not admitted to practice in this Court, and the undersigned "has help[ed] coverup this fact" [Doc. 66 p. 6]. Defendant Commerce Group contends this claim is false [Doc. 67]. It seeks "sanctions under Rule 11, § 1927, and/or the Court's inherent authority for [Attorney] Egli's false statements under oath in the form of attorney's fees for time taken to respond to [the motion] and for any other sanction [t]his Court deems appropriate" [*Id*. at 4]. Plaintiffs later acknowledge that Attorney O'Boyle is admitted to practice in this Court, but they request that the Court deny Defendant Commerce Group's motion for sanctions [Doc. 68]. The Court will address Defendant Commerce Group's request for sanctions separately.

I.  BACKGROUND

Plaintiffs request that the undersigned recuse pursuant to 28 U.S.C. § 455 [Doc. 66]. They assert, "Magistrate Judge McCook possessed personal knowledge of her own conflict, should have recused herself from the case on her own and did not do as the standard now applied in evaluating recusal motions is an objective one" [*Id*. at 2]. Plaintiffs explain that their counsel is also counsel for the plaintiffs in *Murphy v. The Town of Farragut* ("*Murphy*"), No. 3:23-cv-402 (E.D. Tenn. 2023). In that case, the plaintiffs filed a writ of mandamus with the United States Court of Appeals for the Sixth Circuit, and they mention the undersigned "throughout the [w]rit of [m]andamus" [*Id*.]. Plaintiffs state that in *Murphy*, the undersigned "gave Defendant[] Republican Newspaper, Inc., legal advice and acted without authority . . . under 28 U.S.C. § 636 or the Local Rules and Standing Orders of the Eastern District of Tennessee" [*Id*. (footnote omitted)]. The plaintiffs in *Murphy*, Plaintiffs assert, "ha[ve] also argued that [the undersigned] has harassed and intimidated a civil rights victim and their attorney, Russ Egli, and also violated [their] counsel's and their due process rights" by denying a motion to recuse [*Id*. at 2–3]. Citing to 28 U.S.C. § 453 and 5 C.F.R. § 2635.01(11),[3] Plaintiffs state that the undersigned in *Murphy* "was provided with undisputed demonstrable evidence of corruption and theft of the American taxpayer's money" [*Id*. at 3]. They claim that the orders in the *Murphy* case were "removed, edited[,] and changed" [*Id*. at 4 (citation omitted)].

In another case, *Murphy v. Brixworth Homeowners Association, Inc.* ("*Brixworth*"), No. 3:24-cv-78 (E.D. Tenn. 2024), Plaintiffs allege that United States Chief District Judge Travis R. McDonough, "without authority and in violation of the Murphy family's due process rights," removed United States Magistrate Judge Debra C. Poplin and replaced her with the undersigned

---

[3]  The Court is unable to locate this regulation. Part 2635, however, addresses the standards of ethical conduct for employees of the executive branch.

[Doc. 66 p. 4]. They contend that Chief Judge McDonough issued other orders without authority and that the undersigned "condoned" those actions [*Id*. at 5]. In addition, the undersigned entered an order declining to recuse from *Brixworth* [*Id*.].

In this case, Plaintiffs state that the undersigned granted Defendants an extension to respond to the Complaint, even though Plaintiffs did not have time to oppose the motions [*Id*. at 5–6]. They claim that the undersigned does not have authority to enter orders extending the time to respond to the Complaint [*Id*. at 6]. "On December 21, 2023, Plaintiffs requested additional time to respond to Alcoa Police Department and despite [the undersigned] freely and without allowing the Plaintiffs to respond gave all the Defendants additional time to respond but refused the Plaintiffs['] request" [*Id*.]. They also contend that the undersigned's "docket text does not match the written orders in violation of the Plaintiffs['] due process rights" [*Id*.].

In addition, Plaintiffs state that on March 3, 2024, Judge Varlan entered a Scheduling Order governing discovery disputes [*Id*. at 6–7]. Defendant Commerce Group filed a motion to stay discovery and sought a protective order [*Id*. at 7]. According to Plaintiffs, the undersigned refused to address the issue but then later stated that Defendant Commerce Group's motion was under advisement [*Id*.].

Plaintiffs ask that the undersigned recuse, that all docket entries be vacated, and that the case be reassigned to "an independent judge from the Middle District Court" [*Id*. at 8]. In support of their motion, they include the Declaration of Russ Egli [*Id*. at 10–16].

II. ANALYSIS

"Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective

3

view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citation omitted). A judge must also recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1). This section "requires disqualification for *actual* partiality (i.e., when a judge 'has a personal bias or prejudice toward a party')." *LeVay v. Morken*, 590 F. Supp. 3d 1037, 1044 (E.D. Mich. 2022) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)). "The plaintiff[s] ha[ve] the burden to convince a reasonable man that bias exists." *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (citation omitted).

The undersigned finds recusal is not warranted. First, Plaintiffs ask that the undersigned recuse because their counsel filed a writ of mandamus in *Murphy* that mentions the undersigned [Doc. 66 p. 2]. But Plaintiffs fail to explain how their counsel's references would require recusal in this case. And as the Sixth Circuit noted in that case, "Plaintiffs' disqualification argument boils down to the alleged bias in the administration of their case[,]" which is "plainly insufficient[.]" *In re: Sean Murphy*, No. 24-5646 [Doc. 15] (6th Cir. Dec. 20, 2024), *reh'g denied*, [Doc. 19] (6th Cir. June 4, 2025). Plaintiffs' remaining arguments relating to *Murphy* and *Brixworth* amount to dissatisfaction with the undersigned's rulings. They do not require recusal [*See* Doc. 71 p. 6 ("Accordingly, the undersigned's rulings in . . . unrelated cases, in which Attorney Egli was counsel of record, is not a proper ground for recusal.")].

Turning to this case, Plaintiffs claim that the undersigned granted Defendants an extension to respond to the Complaint without providing Plaintiffs an opportunity to oppose the extension, refused to grant Plaintiffs an extension to respond, and refused to schedule an informal discovery dispute conference.[4] They accuse the undersigned of showing favoritism to Defendants. But

---

[4] Plaintiffs claim that the undersigned did not provide them with an opportunity to respond to Defendants' motions for extension [Doc. 66 pp. 5–7]. Defendants' motions represented that

4

Plaintiffs' arguments again boil down to dissatisfaction with the undersigned's rulings. They do not constitute grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (citation omitted)).

Citing to the undersigned's Memorandum and Order [Doc. 27], Plaintiffs state that the undersigned had no authority to enter it [Doc. 66 p. 6].[5] Plaintiffs fail to explain how this would require recusal. Regardless, 28 U.S.C. § 636(b)(1) allows the undersigned to enter non-dispositive orders. They also claim that the undersigned's "docket text does not match the written orders in violation of Plaintiffs['] due process rights" [Doc. 66 p. 6]. But they do not explain this argument, nor do they provide reasons for why such would require recusal.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion to Recuse the Magistrate Judge [**Doc. 66**].

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

Plaintiffs did not object to the extensions [*See* Docs. 13 p. 1; Doc. 15 p. 1; Doc. 16 p. 1; Doc. 24 p. 1]. Further, Plaintiffs contend that on December 21, 2023, they "requested additional time to respond to Alcoa Police Department[,]" but the undersigned "refused the Plaintiffs['] request" [Doc. 66 p. 6]. The undersigned did not adjudicate Plaintiffs' request [*See* Doc. 64 p. 1 n.1].

[5] Plaintiffs state that the Court entered the Memorandum and Order on December 17, 2024 [Doc. 66 p. 6]. The Court entered the Memorandum and Order on December 5, 2023 [*See* Doc. 27].

5