UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TOKERS, INC. and LORI NANNEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:23-CV-326-TAV-JEM |
| ) | |
| COMMERCE GROUP, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the request for sanctions by Defendant Commerce Group, Inc. ("Defendant Commerce Group") [Doc. 67]. On August 23, 2024, Plaintiffs filed a motion to recuse the magistrate judge [Doc. 100]. In that motion, Plaintiffs claimed that Defendant Commerce Group's counsel, Jonathan O'Boyle, was not admitted to practice in this Court, and the undersigned "has help[ed] coverup this fact" [Doc. 66 p. 6].

Defendant Commerce Group responded that Plaintiffs' counsel, Russell Egli, made this claim under penalty of perjury and that it is false [Doc. 67 p. 2]. It includes a photograph of Attorney O'Boyle's certificate to practice in this Court [*Id*. at 3]. In addition, Defendant Commerce Group states that the Court's website "affords the public the ability to instantly search the rolls of attorneys in this district" [*Id*.]. Its counsel performed a search on August 26, 2024, and it showed that he was admitted [*Id*.]. According to Defendant Commerce Group, "[Attorney] Egli's certification violates Rule 11, 28 U.S.C. § 1927, and is otherwise contumacious given that the said statement was made under penalties of perjury" [*Id*.]. It contends, "Such conduct also violates

Tennessee's Rules of Conduct – 3.3(a)(1) and potentially other rules as well" [*Id.*]. Defendant Commerce Group claims that "[Attorney] Egli is familiar with Rule 3.3(a)(1) as he was censured by the Supreme Court of Tennessee" [*Id.*]. It seeks "sanctions under Rule 11, § 1927, and/or the Court's inherent authority for [Attorney] Egli's false statements under oath in the form of attorney's fees for time taken to respond to [the motion] and for any other sanction [t]his Court deems appropriate" [*Id.* at 4].

Plaintiffs filed a reply, acknowledging that "[Attorney] O'Boyle has been admitted to [practice in] the U.S. District Court of [the] Eastern District Tennessee" [Doc. 68 p. 1]. Claiming that there was "an issue with the Court's system[,]" Plaintiffs state that they used the incorrect spelling of Attorney O'Boyle's last name [*Id.*]. They state that the undersigned made a similar mistake [*See id.* (citing Doc. 19)]. Plaintiffs assert that they did not "knowingly provid[e] false information to the [C]ourt[,]" and they request that the Court strike the portion of their motion "that references [Attorney] O'Boyle's admission to this Court" [*Id.* at 2]. But they claim that "Attorney O'Boyle is not licensed to practice law in the State of Tennessee as required under Tennessee Supreme Court Rule 7, Section 10.01" [*Id.*].

On July 8, 2025, the Court denied Plaintiffs' motion to recuse the magistrate judge and noted that it would address the request for sanctions separately [Doc. 100 p. 1 n.1].

The undersigned declines to recommend sanctions. First, Defendant Commerce Group did not comply with the procedural requirements under Rule 11. *See* Fed. R. Civ. P. 11(c)(2); *Bosley v. WFMJ Television, Inc.*, No. 4:04CV2529, 2006 WL 2474961, at *3 (N.D. Ohio Aug. 25, 2006) ("Compliance with Rule 11's safe harbor provision is a mandatory procedural prerequisite to an award under the rule." (citations omitted)). And three days after Defendant Commerce Group filed its response, Plaintiffs acknowledged their mistake and requested to strike their contention

2

[Doc. 68 p. 2].[1] In addition, considering Plaintiffs' reason for the mistake [*see id.* at 1], the Court finds sanctions are not warranted under 28 U.S.C. § 1927, *see Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007) ("[S]omething more than negligence or incompetence must be demonstrated" to sanction under § 1927) (citation omitted)), nor under the Court's inherent authority, *see Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (explaining that the district court has "inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)).[2]

The undersigned therefore **RECOMMENDS**[3] that Defendant Commerce Group's request for sanctions [**Doc. 67**] be denied.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[1] Plaintiffs do not address the Court's authority to strike statements in motions. The Court therefore declines to do so.

[2] Plaintiffs also assert that Attorney O'Boyle is not admitted to practice in Tennessee [Doc. 68 pp. 2–3]. But they raise the issue in the reply brief. The Court therefore declines to address it. *See Palazzo v. Harvey*, 380 F. Supp. 3d 723, 730 (M.D. Tenn. 2019) ("Generally speaking, arguments raised for the first time in reply briefs are waived[.]").

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).